SEIDEL LAW FIRM
6505 West Park Blvd., Suite 306
Plano, Texas 75093
Telephone: (214) 742-234-2500

COUNSEL FOR TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WEBB MCCANN SOWDEN, III | § | CASE NO. 10-36441-SGJ |
| | § | |
| | § | CHAPTER 7 |
| *Debtor*. | § | |
| | § | |
| | § | |
| SCOTT M. SEIDEL, TRUSTEE | § | |
| On behalf of the BANKRUPTCY ESTATE OF | § | |
| WEBB MCCANN SOWDEN, III | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | ADVERSARY NO. _____ |
| | § | |
| | § | |
| WEBB MCCANN SOWDEN, III AND, | § | |
| MARINELL SOWDEN, AS TRUSTEES | § | |
| OF THE WEBB AND MARINELL | § | |
| SOWDEN IRREVOCABLE TRUST | § | |
| *Defendants*. | § | |

## COMPLAINT FOR DECLARARTORY JUDGMENT

COMES NOW Scott M. Seidel, the plaintiff herein (the "*Trustee*" or *"Plaintiff"* ), in his capacity as the duly appointed bankruptcy trustee for the Chapter 7 bankruptcy estate ( the "*Debtor's Bankruptcy Estate*") of Webb McCann Sowden, III (the "*Debtor*") and in his capacity as the trustee for the debtor's bankruptcy case, and in such capacities files this Complaint against

Webb McCann Sowden III and Marinell Sowden, a married couple, (the *"Sowdens"*), as trustees of the Webb and Marinell Sowden Irrevocable Trust, (collectively the "*Defendants*").

## I. INTRODUCTION

1. The debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the *"Bankruptcy Code"*) on September 10, 2010 (the *"Petition Date"*). The Case was converted by Order of the Court to a Chapter 7 proceeding on April 4, 2011 [Doc. No. 81]. Scott M. Seidel was appointed as chapter 7 trustee and continues to serve in that capacity.

2. Following his appointment, the Trustee conducted an analysis of the debtor's schedules and statement of financial affairs. The Trustee requested the Sowdens provide copies of their bank statements to verify testimony and filings. As a result of his investigation, the Trustee is informed and believes that the facts alleged in the paragraphs below are true to the best of his knowledge, information and belief.

## II. JURISDICTION AND VENUE

3. The Bankruptcy Court has jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334 because the Complaint involves a case under Title 11 of the Bankruptcy Code which is pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, and the adversary proceeding constitutes a core proceeding arising under Title 11, or arising in a case under Title 11. Alternatively, the Bankruptcy Court has jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. §§ 157(c) and 1334 because the Complaint is related to a case under Title 11.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (F), (H), (K) and/or (O).

5. Venue in this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

## III. FACTUAL BACKGROUND

**A.    The debtor controls WMSIT's assets and uses them for his own benefit.**

6.     The Webb and Marinell Sowden Irrevocable Trust (*"WMSIT")* was apparently formed on June 22, 2007 with a contribution of $5,000.00 from the debtor's parents.  On information and belief, the debtor's parents made no further contributions to WMSIT.  WMSIT was established pursuant to Texas law, and the trust document contains what purports to be "Spendthrift Provisions" in Article VI.A.

7.     The debtor had failed to disclose in his schedule B his interest in the WMSIT until the chapter 7 trustee demanded the schedules be amended to include the WMSIT interest.  The debtor valued this asset as "unknown" [Docket no. 126].

8.     The income listed in the debtor's schedule I, $40,000.00 per month, is derived largely, if not entirely, from the Sowdens' interest in WMSIT, [Docket no. 33] although the debtor amended schedule I to list his income as from "self employment" and "rental income" [Docket no. 126 ].

9.     Webb McCann Sowden III and Marinell Sowden were at the time of the trust's formation and remain co-trustees of WMSIT.  They were a married couple in 2007 and remain a married couple today.  No other individual or entity exercises or retains power as trustee of WMSIT.

10.    With the exception of the initial $5,000.00 contribution, all funds comprising the corpus of the WMSIT were contributed as a result of the debtor's business dealings and at the Sowdens' direction.  The Sowdens directed and managed WMSIT's investment in various business dealings, and profits, including accounts receivable and proceeds from the sale of the WMSIT's investment interest, were at the Sowdens' direction, added to the principal of the trust.

11.    The Sowden's position as WMSIT co-trustees and beneficiaries provides them authority at their own discretion to authorize distributions from the income and principal of WMSIT for their own benefit.  The Sowdens have consistently accessed the income and

principal of WMSIT to support their personal and business expenses. The Sowdens exercise direct and near total dominion over WMSIT, without limit.

12. The Sowdens have used their authority and discretion as WMSIT co- trustees and beneficiaries to pay their personal lifestyle expenses—far exceeding that necessary for health, support, maintenance and education—from the income and principal of WMSIT. Their personal expenses paid regularly from WMSIT include a mortgage on their home, mortgages and home owner's dues for multiple condominiums, mortgage on a lake house, multiple auto loans, utilities, cable, an aquarium service, tennis lessons for their son, a membership to a suntan parlor and other expenses for the Sowdens. WMSIT also regularly paid expenses for multiple business enterprises in which WMSIT had invested at the Sowden's direction.

13. The Sowdens' position as WMSIT co trustees and beneficiaries provides them Authority at their own discretion to borrow from or against WMSIT's income and principal and to alienate or substitute any WMSIT asset for their own benefit. On information and belief, the Sowdens' have exercised the discretion to borrow from WMSIT for their personal benefit and to later cause WMSIT to threat that loan as a distribution.

## VI.    COMPLAINT FOR DECLARATORY JUDGMENT

14. The Trustee moves the Court for a declaration that the principal of WMSIT, together with the income derived from it, are properly included in the debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code and that the purported "Spendthrift Provisions" do not remove the WMSIT from the bankruptcy estate pursuant to Section 541 of the Bankruptcy Code or applicable Texas law. For the reasons set forth below, alleged either together or in the alternative, WMSIT must be included in the debtor's bankruptcy estate and made available for creditors.

**A.    WMSIT does not shield assets from the debtor's bankruptcy estate because it is invalid as a self-settled trust.**

15. The Trustee incorporates the allegations set forth in paragraphs 1 through 14.

16. WMSIT is invalid as a largely self-settled trust. Though nominally settled by the debtor's parents with a contribution of $5,000.00, the cast majority of the assets owned, controlled and distributed by WMSIT were contributed to the trust by the Sowdens.

17. Texas law does not permit a debtor to escape the claims of his creditors by placing assets under his control in a spendthrift trust for his own benefit.

18. Because self-settled trusts are invalid under applicable Texas law, WMSIT may not be excluded from the debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

19. Additionally, WMSIT is invalid because it is controlled by the Sowdens for their own benefit. The Sowden's authority to borrow from or cause distributions to be made from WMSIT for their own benefit limited by only their discretion.

20. Texas law does not permit a debtor to retain such excessive control over assets for his own benefit while shielding them from his creditors under the guise of a spendthrift trust.

21. Because the Sowden's control over the trust assets renders WMSIT invalid under Texas law, WMSIT may not be excluded from the debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

**B. WMSIT does not shield assets from the debtor's bankruptcy estate because it is invalid due to the debtor's and Mrs. Sowden's exercise of control over trust assets for their own benefit.**

22. The Trustee incorporates the allegations set forth in paragraphs 1 through 21.

23. Additionally, WMSIT is invalid because it is controlled by the Sowdens for their own benefit. The Sowden's authority to borrow from or cause distributions to be made from WMSIT for their own benefit limited by only their discretion. The Sowdens maintained control

Over the WMSIT and used its assets as they say fit, including for their personal and business expenses.

24.     Texas law does not permit a debtor to retain such excessive control over assets for his own benefit while shielding them from his creditors under the guise of a spendthrift trust.

25.     Because the Sowden's control over the trust assets renders WMSIT invalid under Texas law, WMSIT may not be excluded from the debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

**C.     The spendthrift provisions are ineffective as to the debtor and cannot shield assets from the debtor's bankruptcy estate.**

26.     The Trustee incorporates the allegations set forth in paragraphs 1 through 25.

27.     To the extent that WMSIT is a valid trust, the "Spendthrift Provision" and other purported restrains on alienation are ineffective as to the debtor because those provisions do not Operate, and have never operated, as a restraint on the debtor's authority to distribute or alienate trust assets for his own benefit.

28.     In addition to the direct control the debtor and Mrs. Sowden have over WMSIT, he has exercised de facto control over WMSIT sufficient to bring WMSIT's assets within the debtor's bankruptcy estate.

29.     Because the "Spendthrift Provisions" and other purported restraints on alienation are not effective as to the debtor under Texas law, WMSIT may not be excluded from the debtor's bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

## V.    PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court:

A.      Enter an order declaring that the corpus and income from WMSIT are not excluded from the property of the debtor's bankruptcy estate pursuant to Section

    541 of the Bankruptcy Code,

  B.  Enter an order declaring that the corpus and income from WMSIT are properly included in the debtor's bankruptcy estate, and

  C.  Grant the Trustee all further relief to which he may be entitled.

            Respectfully submitted,

            SEIDEL LAW FIRM

            By: */s/Scott M. Seidel*
            Scott M. Seidel
            State Bar No.   17999450

            Seidel Law Firm
            6505 West Park Blvd., Suite 306
            Plano, Texas 75093
            Telephone: (214) 234-2500

            COUNSEL FOR TRUSTEE